Ms. Cathyrn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, AR 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion on several questions concerning the treatment of local fire pension funds in consolidated cities. You state that the cities of Bentonville and Centerton are considering consolidating via an election in each municipality. Both cities have local fire pension funds. Your specific questions in this regard are as follows:
 1. What would happen to the service credit of the members of the Centerton local fire pension fund?
 2. Who would administer the benefits of those members of the Centerton local fire plan who are already receiving benefits?
 3. What will happen to the roughly $45,000 in assets held by the Centerton fund?
It is my opinion, in response to your first question, that the service credit of those members whose right to participate in the fund has not vested will be forfeited. It must be noted in this regard that in accordance with A.C.A. § 14-40-1208 (1987), "[t]he term of office of all officers, aldermen, and employees of the smaller municipality . . . shall cease upon and after the consolidation." Thus, as to those members whose employment ceases upon consolidation and who have no vested pension rights (see generally A.C.A. § 24-11-818 (Supp. 1993) regarding voluntary retirement benefits), it must be concluded that the service credit will be forfeited. There appears to be no provision for restoring credited service.
With regard, however, to those members who have a vested right to participate in the Centerton pension fund, i.e., those who are "entitled to be retired" (A.C.A. § 24-11-818(a)(2)), it is my opinion that the right to participate is not lost by the termination of their services following the consolidation. Rather, they retain their service credit and will be eligible to retire upon compliance with any other applicable terms and conditions. See generally A.C.A. § 24-11-818.
With regard to your second question involving administration of benefits, although this issue is not specifically addressed in the Code, it is my opinion that the board of trustees of the Bentonville pension fund will serve as the pension fund board for the consolidated municipality. This reasonably follows from the fact that the terms of office of the Centerton pension board members cease upon consolidation (A.C.A. § 14-40-1208), and there is no provision for replacing those board members.
In response to your final question regarding the Centerton fund assets, it is my opinion that all moneys provided for the fund will be paid over to the treasurer of the consolidated city. Refunds will presumably be made to those whose service credit is forfeited as a result of the consolidation. See A.C.A. § 24-11-816(d)(2). The remainder of the fund will, I believe, be operated as a part of the pension fund of the consolidated city. This reasonably follows, in my opinion, from the fact that "[a]ll public property of the smaller municipality shall belong to the consolidated city. . . ." A.C.A. § 14-40-1209 (1987).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General